# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

YONI JAVIER MERO,

    Movant,

v.                                                                 Case No: 8:17-cv-2172-T-30JSS
                                                                   Crim. Case No: 8:16-cr-393-T-30JSS

UNITED STATES OF AMERICA,

    Respondent.
_____

## ORDER

THIS CAUSE comes before the Court upon the Motion to Vacate, Set Aside or Correct Sentence (2255) (CV Doc. 1). Having reviewed the allegations in the Motion, the Court concludes it should be denied.

## FACTUAL BACKGROUND

On September 8, 2016, Movant was indicted and charged with Conspiracy to Possess with Intent to Distribute Five Kilograms or More of Cocaine While Aboard a Vessel Subject to the Jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a)–(b), and 21 U.S.C. § 960(b)(1)(B)(ii). (CR Doc. 1). Movant pleaded guilty, and the Court accepted the plea. (CR Docs. 37, 42, 49, and 53).

Prior to sentencing, probation officers prepared a presentence investigation report (PSR). (Doc. 69). The PSR recommended an offense level decrease of 2 based on the criteria set forth in USSG §5C1.2. (CR Doc. 69, ¶ 19). The PSR did not recommend a decrease to the offense level based on Movant's role in the offense. (CR Doc. 69, ¶ 21).

Ultimately, Movant's offense level was calculated at 33, taking into account the two-level decrease under USSG §5C1.2, with a criminal history category of I, which resulted in a guideline imprisonment range of 135 months to 168 months. (CR Doc. 69, ¶ 67). The Court sentenced Movant to 135 months' imprisonment, the bottom of the guideline imprisonment range. (CR Doc. 77).

## MOVANT'S BASES FOR RELIEF

Movant raises two grounds in his Motion. First, he argues the Court erred when it failed to apply the minor role reduction in USSG § 3B1.2(b). Second, he argues the Court should have applied a reduction based on USSG § 5C1.2 (the "Safety Valve" provision).

## DISCUSSION

The Court concludes the Motion is due to be denied because the Court did not err by not giving Movant a minor role reduction under USSG § 3B1.2, and because the Court did give him a reduction under the Safety Valve provision. The Court will discuss each issue separately.

As to the first ground, the Court concludes there was no error for failing to apply the minor role reduction. At sentencing, Movant's counsel never argued to the Court that Movant qualified for a minor role reduction. Specifically, Movant's counsel stated:

> I think the problem was is he based on I think the Court's finding of the co-defendants already been sentenced that he doesn't necessarily play a minor role. *I can't argue that to the Court that he did*, but he was cooperative….

(CR Doc. 90, p. 10:4–8). Counsel then argued for a downward departure based on consideration of the factors in 18 U.S.C. § 3553. Here, because Movant never requested a

minor role reduction at sentencing, the Court could not have erred by refusing to give it. So the Motion must be denied as to this ground.

As to the second ground in the Motion, the Court concludes the record refutes Movant's allegations. Movant implicitly alleges the Court did not give an offense level reduction based on the Safety Valve provision. But the Court did give the reduction. This is clear based on the PSR,[1] sentencing transcript, and the judgment. So the Court concludes the Motion must be denied as to this ground.

Accordingly, it is ORDERED AND ADJUDGED that:

1. The Motion to Vacate, Set Aside or Correct Sentence (2255) (CV Doc. 1) is DENIED.

2. All pending motions are denied as moot.

3. The Clerk is directed to close this file.

4. The Clerk is directed to terminate from pending status the motion found at Doc. 89 in the underlying criminal case, 8:16-cr-393-T-30JSS.

**DONE** and **ORDERED** in Tampa, Florida, this 1st day of November, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

---

[1] The Court adopted the PSR without change. (CR Doc. 78). The PSR reflects that Movant met the criteria set forth in USSG § 5C1.2, the "Safety Valve" provision, and that his offense level was decreased by two. (CR Doc. 69, ¶ 19).

3